IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALICE A. YETT, §
　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　§
VS. § NO. 4:08-CV-034-A
　　　　　　　　　　　　　　§
MARY E. PETERS, SECRETARY, §
U.S. DEPARTMENT OF §
TRANSPORTATION, §
　　　　　　　　　　　　　　§
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

On May 15, 2008, defendant, Mary E. Peters, Secretary, U.S. Department of Transportation, filed a motion for summary judgment in the above-captioned action. Plaintiff, Alice A. Yett, responded on June 9, 2008, and defendant replied thereafter. Along with her reply, defendant filed a motion to strike plaintiff's declaration and other documents filed in support of plaintiff's response to the motion for summary judgment. Plaintiff filed a response to the motion to strike on July 2, 2008. Having considered each of the foregoing pleadings, the record, and applicable authorities, the court concludes that both defendant's motion to strike and the motion for summary judgment should be granted.

I.

## The Motion to Strike

In the motion to strike, defendant argues that plaintiff's declaration should be stricken and disregarded as summary judgment proof. Defendant also objects to specific paragraphs in the declaration as violating various Federal Rules of Evidence. Finally, defendant argues that the documents under the tab marked "Exhibit B" in plaintiff's appendix should be stricken because they are unauthenticated. The court agrees with defendant that plaintiff's declaration and the documents marked "Exhibit B" should be stricken.[1]

Defendant argues that the document purporting to be plaintiff's declaration should be stricken because it is neither an affidavit nor a declaration as contemplated by 28 U.S.C. § 1746. In a case very similar to the instant action, the United States Court of Appeals for the Fifth Circuit explained that:

> It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment.[] A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct."[] Kline's affidavit is not in substantial conformity with either formula because, as drafted, it allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods. Kline never declared her statement to be true and correct; therefore, her affidavit must be disregarded as summary judgment proof.

---

[1] Though the court is inclined to agree with defendant regarding her specific objections to certain paragraphs of plaintiff's declaration, it does not reach decision on those grounds because it concludes that the entire document should be stricken.

2

<u>Nissho-Iwai American Corp. v. Kline</u>, 845 F.2d 1300, 1306 (5th Cir. 1988) (footnotes omitted). The document purporting to be the declaration of Alice Yett is neither an affidavit nor a declaration.

In her response to the motion to strike, defendant takes the position that her evidence, in its present form, "meets the criteria for opposing Defendant's Motion for Summary Judgment," Resp. to Mot. to Strike at 2, and that the document purporting to be a declaration complies with Rule 56(c). Plaintiff argues that she "states that she is fully competent to make the Declaration; that she is familiar with and has personal knowledge of each and every statement of fact set forth in the Declaration; and that each statement is true and correct to the best of her recollection." <u>Id.</u>[2] Plaintiff makes the <u>non sequitur</u> leap that "[i]n attesting to this language as a declaration, Yett's Declaration is submitted under penalty of perjury and is therefore competent summary judgment proof under Rule 56(c)." <u>Id.</u>[3] The problem with plaintiff's reasoning and with the document at issue is that plaintiff never declares under penalty of perjury that the things in the document are true and correct. The document is simply signed by plaintiff at the end, and it

---

[2] In the first paragraph of the document, plaintiff does state, "I am familiar with and have personal knowledge of each and every statement of fact set forth in this Declaration. Each statement in this Declaration is true and correct to the best of my recollection." Pl.'s App. at 1.

[3] After this statement, plaintiff cites some authority, but such authority in no way supports plaintiff's conclusion.

3

does not bear the operative language of 28 U.S.C. § 1746.[4] Accordingly, the document titled "Declaration of Alice Yett" should be stricken.

Likewise, the various documents contained in "Exhibit B" in plaintiff's appendix should be stricken. A nonmoving party may not oppose a proper motion for summary judgment with unauthenticated documents. <u>Duplantis v. Shell Offshore, Inc.</u>, 948 F.2d 187, 191 (5th Cir. 1991). None of the documents under the tab labeled "Exhibit B" are authenticated. In her response, plaintiff cites <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986), for the proposition that "the law is clear that documents procured through discovery can be adduced [sic] to admissible form at the time of trial but can be used as summary judgment

---

[4]Title 28, § 1746 provides that:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

  (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

  (Signature)".

  (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

  (Signature)".

proof." Resp. to Mot. to Strike at 5. <u>Celotex Corp.</u> does not stand for the proposition that a nonmoving party can oppose a summary judgment motion using unauthenticated documents. <u>See</u>, <u>e.g.</u>, <u>Duplantis</u>, 948 F.2d at 192. The documents contained in plaintiff's appendix under the tab labeled "Exhibit B" should be stricken.

II.

## The Motion for Summary Judgment

A. <u>Plaintiff's Claims.</u>

Plaintiff alleges that defendant intentionally discriminated against her on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, and that defendant intentionally discriminated against her on the basis of her age in violation of the Age Discrimination Employment Act ("ADEA").

B. <u>Bases of the Motion.</u>

Defendant maintains that plaintiff's claims must fail because she cannot establish a prima facie case of discrimination, and in the alternative, defendant has proffered a legitimate, non-discriminatory rationale for the non-selection of plaintiff, and plaintiff cannot establish that such rationale is pretextual.

C. <u>Analysis.</u>

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 256. To meet this burden, the nonmovant must "identify specific evidence in the record[] and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994).

By way of the motion to strike, defendant has eviscerated plaintiff's summary judgment evidence. As discussed above, the document purporting to be plaintiff's declaration and the documents under the tab labeled "Exhibit B" in plaintiff's appendix do not constitute proper summary judgment evidence. All that remains in plaintiff's appendix are deposition excerpts from two witnesses and papers that plaintiff submitted in connection with her application for Federal Aviation Administration ("FAA") job vacancy announcement AWA-TOR-04-SB40670-74320 ("Announcement

74320").

In the motion for summary judgment, defendant argues that plaintiff cannot establish a prima facie case of discrimination with respect to any of her claims.[5] Specifically, defendant argues that Announcement 74320, which advertised the position for which plaintiff applied, was a notice advertising forty or more positions that the FAA was going to create and fill across the country but then cancelled for budgetary reasons.[6] Thus,

---

[5] The court evaluates plaintiff's Title VII and ADEA discrimination claims under the same general burden-shifting framework, which was originally set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Evans v. City of Houston, 246 F.3d 344, 349 (5th Cir. 2001). Under McDonnell Douglas:

> [T]he plaintiff must first present evidence of a prima facie case of discrimination . . . If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action . . . If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.

Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 318 (5th Cir. 2004) (citation omitted).

Under the McDonnell Douglas test, an employee establishes a prima facie case of discrimination in the Title VII context by establishing each of the following: (1) that the plaintiff is a member of the protected class; (2) that the plaintiff sought and was qualified for the position; (3) that the plaintiff was rejected for the position; and (4) that the defendant continued to seek or promoted applicants with the plaintiff's qualifications. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004) (citing Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 354-55 (5th Cir.2001)).

To make out a prima facie case of discriminatory treatment based on age under the ADEA, plaintiff would have to establish that: (1) she is within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class). Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003).

[6] In support of these contentions, defendant submits the declaration of Michael Sammartino ("Sammartino"), Director of System Operations for the FAA. Sammartino states that the position plaintiff applied for with the intent to create as many as forty or more positions across the country, but no
(continued...)

defendant argues, plaintiff cannot establish the fourth element of the prima facie case, that defendant selected an applicant not of the protected class, with respect to any of her claims. The court agrees.[7] Plaintiff has failed to adduce anything as would establish a fact issue as to whether or not defendant selected *any* applicant for any of the positions noticed in connection with Announcement 74320, much less an applicant not of the protected class.[8]

---

[6](...continued)
selections were made for these positions because Sammartino ultimately determined that the positions could not be funded.

Announcement 74320 notes that it advertises "POSITIONS AT VARIOUS LOCATIONS THROUGHOUT THE U.S." and that "THIS ANNOUNCEMENT MAY BE USED TO FILL OTHER SIMILAR POSITIONS SUBJECT TO THE APPROVAL OF THE PERSONNEL SERVICES DIVISION." Def.'s App. at 5-6 (capitalization in original).

[7]The court does not reach decision on defendant's other grounds for summary judgment; however, a preliminary review of such grounds indicates that defendant would be entitled to summary judgment on those grounds as well.

[8]In plaintiff's brief in support of her response to the motion for summary judgment, plaintiff states, without citing to any evidence, that she "meets the fourth element of the prima facie case because the person promoted to the position [p]laintiff sought was outside the protected class." Pl.'s Br. at 12.

Earlier in her brief, plaintiff takes the position that a position filled by Sylvia Borrego ("Borrego") is the same job as the position plaintiff sought. The court agrees with plaintiff that evidence in this action does reveal a concerted effort on the part of the Hispanic Coalition of Federal Aviation Administration Employees to get Borrego a job in Fort Worth, Texas, because her husband had been transferred there. As defendant notes in her reply, however, plaintiff fails to support with competent summary judgment evidence her conclusion that Borrego's position is the same as the position noticed in Announcement 74320. Plaintiff has failed to adduce anything as would raise a genuine issue of material fact as to whether the position she sought was cancelled without having been filled due to a lack of funding.

III.

Order

For the reasons discussed above,

The court ORDERS that the document titled "Declaration of Alice Yett" and the documents contained under the tab labeled "Exhibit B" in plaintiff's appendix be, and are hereby, stricken from the record of this action.

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED July 7, 2008.

_____
JOHN McBRYDE
United States District Judge